# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| JORGE D. MARTINEZ, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 05 C 2451 |
|  | ) 97 cr 659-2 |
| UNITED STATES OF AMERICA, | ) |
|  | ) Wayne R. Andersen |
| Respondent. | ) District Judge |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Jorge Martinez to vacate his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the motion is denied.

## BACKGROUND

Petitioner is one of fourteen individuals indicted on September 17, 1997 and charged with a narcotics conspiracy and related offenses, in violation of 21 U.S.C. §§ 841(a)(1), 843, 846 and 848. Prior to trial, the charges against ten of the defendants were resolved through plea or dismissal. On May 7, 1998, the jury trial began as to Petitioner and co-defendants Gustavo Colon, Jose Souffront and Marisol Colon.

On July 22, 1998, the jury found all of the defendants guilty of the drug conspiracy count, 21 U.S.C. § 846 (Count 1). Petitioner and co-defendant Gustavo Colon were convicted of participating in a continuing criminal enterprise, 21 U.S.C. § 848. In addition, Petitioner and co-defendants Gustavo Colon, Souffront, and Marisol Colon were convicted of using a telephone to facilitate a drug conspiracy, 21 U.S.C. § 843(b), and Petitioner and co-defendant Gustavo Colon were convicted of drug distribution, 21 U.S.C. §841(a)(1). Finally, co-defendant Gustavo Colon was acquitted of Count 17, a phone count.

Petitioner was sentenced to a term of 400 months. Petitioner and co-defendants Gustavo Colon, Souffront and Marisol Colon appealed, and the Seventh Circuit affirmed their convictions in a published opinion. *United States v. Souffront*, 338 F.3d 809 (7"Cir. 2003). The Supreme Court denied Petitioner's petition for a writ of certiorari on June 21, 2004. 121 S.Ct. 2893 (2004).

Petitioner then filed the instant motion to vacate his sentence under 28 U.S.C. Section 2255.

## DISCUSSION

Collateral relief under 28 U.S.C. § 2255, the federal habeas corpus statute, is available only in limited circumstances. The statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Such relief is therefore limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Bishchel v. United States*, 32 F.3d 259, 263 (7th Cir.1994), quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir.1991). If the reviewing court determines that such defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

In the instant case, Petitioner's motion to vacate his sentence is based on the Supreme Court's ruling in *United States v. Booker*, 125 S.Ct. 738 (Jan.12, 2005). In reliance on *Booker*,

Petitioner argues that his sentence was unconstitutionally based on determinations made by the Court, rather than the jury. He argues that *Booker* should be held retroactive to his case and that he should be resentenced based on the principles articulated in *Booker*.

We find that Petitioner's reliance on *Booker* is misplaced. Petitioner's motion is foreclosed by the Seventh Circuit's ruling in *United States v. McReynolds,* 397 F.3d 479, 481 (7" Cir. 2005). In *McReynolds,* the Seventh Circuit made clear that *Booker* does not apply retroactively to cases that became final prior to the Supreme Court's ruling in *Booker* on January 12, 2005. *Id.* In this case, as noted, the Supreme Court denied Petitioner's petition for a writ of certiorari on June 21, 2004. Therefore, *Booker* is not applicable to this case and the Petitioner has no right to be resentenced. For these reasons, Petitioner's Motion to Vacate his Sentence is denied.

## CONCLUSION

For the foregoing reasons, the Petitioner's Motion to Vacate Sentence Under 28 U.S.C. Section 2255 is denied. This case is hereby terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: May 18, 2006